UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES EUGENE BRUCKMAN,<br><br>    Plaintiff,<br><br>-vs-<br><br>FIDELITY BROKERAGE SERVICES LLC d/b/a FIDELITY INVESTMENTS,<br><br>    Defendant. | Case No. 3:25-cv-227 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JAMES EUGENE BRUCKMAN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant, FIDELITY BROKERAGE SERVICES LLC d/b/a FIDELITY INVESTMENTS (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, ("UDTPA").

### PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, treble damages, costs, and attorneys' fees brought pursuant to the EFTA and the UDTPA.

### JURISDICTION, VENUE, AND PARTIES

2.  Subject-matter jurisdiction for this Court is conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the EFTA.

3. Defendant is subject to this Court's jurisdiction, because it regularly conducts extensive business in the State of North Carolina, employs personnel here, and sought to conduct business with Plaintiff as a North Carolina resident.

4. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, Defendant regularly transacts business within this District, and Plaintiff resides in this District.

5. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1693a(6).

6. Plaintiff had an investment account in his name with Defendant (hereinafter "Fidelity Account").

7. Plaintiff's Fidelity Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. Plaintiff's Fidelity Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. Defendant is a corporation headquartered at 245 Summer Street, V4C in Boston, Massachusetts 02210.

10. Defendant is the bank which held Plaintiff's Fidelity Account.

11. Defendant is a "financial institution" as defined by 15 U.S.C. § 1693a(9). Upon information and belief, Defendant is regularly engaged in the business of holding accounts and processing electronic fund transfers initiated by a consumer.

12. An "electronic fund transfer", as defined by 15 U.S.C. § 1693a(7) is any transfer of funds initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.

13. Defendant processed several unauthorized electronic fund transfers from Plaintiff's Fidelity Account.

## FACTUAL ALLEGATIONS

14. On or about August 1, 2024, and August 2, 2024, Plaintiff became aware of thirty-three electronic fund transfers totaling $45,325 (hereinafter "Unauthorized Transfers") from Plaintiff's Fidelity Account.

15. Plaintiff immediately contacted Defendant and requested the Unauthorized Transfers be cancelled. Further, Plaintiff advised the electronic fund transfers were fraudulent and that he did not authorize the Unauthorized Transfers.

16. Between August 5, 2024, and August 21, 2024, Plaintiff contacted Defendant approximately ten times via telephone regarding the Unauthorized Transfers, but Defendant has taken no action to investigate and rectify the Unauthorized Transfers.

17. The Unauthorized Transfers were initiated through Defendant using Plaintiff's Fidelity Account without Plaintiff's authorization.

18. On or about September 16, 2024, Plaintiff filed a police report with the Charlotte-Mecklenburg Police Department regarding the fraudulent Unauthorized Transfers.

19. On or about September 19, 2024, Plaintiff mailed a detailed dispute letter to Defendant regarding the fraudulent Unauthorized Transfers. In the letter, Plaintiff advised he did not authorize the Unauthorized Transfers and requested an investigation. Plaintiff included images of his statement listing the Unauthorized Transfers and images of the police report filed with the Charlotte-Mecklenburg Police Department.

20. Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Defendant, tracking number 7020 1810 0001 7219 8191.

21. On or about October 5, 2024, Plaintiff contacted Defendant via telephone and spoke to representative "Dora" who confirmed receipt of Plaintiff's letter but stated nothing had been done with it. Representative "Dora" stated she would pass the dispute letter to the right people and place but could not advise as to why nothing was previously done with Plaintiff's letter.

22. As of the filing of this Complaint, the Unauthorized Transfers totaling approximately $45,325 remained and have not been returned to Plaintiff.

23. Despite Plaintiff immediately disputing the Unauthorized Transfers and advising of their fraudulent and unauthorized nature, Defendant refused to conduct a thorough and reasonable investigation, acknowledge that Plaintiff was defrauded, and return Plaintiff's money.

24. Due to the actions and/or inaction of Defendant, Plaintiff suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

# CAUSES OF ACTION

## COUNT I
### VIOLATION OF 15 U.S.C § 1693F AS TO DEFENDANT, FIDELITY BROKERAGE SERVICES, LLC, D/B/A FIDELITY INVESTMENTS

25. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1693f by failing to correct the error or provide a provisional recredit to Plaintiff's Fidelity Account within ten business days of receiving Plaintiff's notice of the error.

27. Defendant failed to investigate the error in good faith, and it concluded that Plaintiff had authorized the electronic fund transfers despite having evidence to the contrary.

28. Defendant failed to make a good-faith investigation of the alleged unauthorized electronic fund transfers and error.

29. Defendant did not have a reasonable basis for believing that the Unauthorized Transfers were not in error. Defendant could have done a charge back and attempted to secure the funds back.

30. Defendant knowingly and willfully concluded that the electronic fund transfers were not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

31. Following a detailed review of Plaintiff's dispute, any reasonable person could have concluded that there were unauthorized electronic fund transfers.

32. As a result of the conduct, action and inaction of Defendant, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff relied on such income for his daily bills.

33. The conduct, action, and inaction of Defendant were willful, rendering Defendant liable for actual or statutory damages and treble damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1693m and 1693f(e).

34. Plaintiff is entitled to recover reasonable attorney's fees and costs from Defendant in the amount to be determined by the Court pursuant to 15 U.S.C. § 1693m(a)(3).

**COUNT II**
**UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**N.C. GEN. STAT. § 75-1.1 *ET SEQ.* AS TO DEFENDANT,**
**FIDELITY BROKERAGE SERVICES, LLC, D/B/A FIDELITY**
**INVESTMENTS**

35. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36. At all times relevant, Defendant's actions, practices, and conduct was engaged in and affecting commerce in the state of North Carolina under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. § 75-1.1 *et seq.*

37. Defendant violated the UDTPA by undertaking unfair, coercive, false, deceptive, unfair, and misleading practices, actions, and representations in connection with the Unauthorized Transfers.

38. Defendants' complete failure to investigate, remedy, and correct their mistakes with respect to the Unauthorized Transfers was wholly unfair, coercive, and deceptive.

39. Defendant has continued the unfair, coercive, false, and deceptive actions by failing to return the Unauthorized Transfers, despite repeated attempts by Plaintiff to remedy their unlawful actions.

40. Defendant's actions as described hereinabove are knowing and willful, offend established public policy, unethical, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead. This was demonstrated by their continued refusal to investigate, remedy, or correct their mistakes, and to comport their behavior to applicable North Carolina law. The actions, pattern of conduct, and methods employed by Defendant were, in addition, patently unfair when judged against its profit-incentivized motive, intention, and the extremely negative effects that their actions and conduct have upon the average North Carolina citizens and consumers, including Plaintiff.

41. Defendant's unscrupulous, immoral, unfair, misleading, and deceptive actions and conduct, as set forth herein, proximately caused economic injury to Plaintiff, is in and affects commerce and has the capacity to deceive ordinary North Carolina consumers.

42. Defendant's actions and pattern of conduct constitute unfair and deceptive acts and practices pursuant to Chapter 75 of the North Carolina General Statutes. Those actions as detailed herein, offend established public policy, are immoral, unethical,

oppressive, unscrupulous, and/or substantially injurious to North Carolina consumers and include, but are not limited to the following:

a. Failing to return the Unauthorized Transfers;

b. Failing to investigate, correct, or remedy their mistakes with respect to the Unauthorized Transfers;

c. Failing to act as a reasonably prudent financial institution, creditor, and other business entity would under the same or similar circumstances; and,

d. Engaging in fraudulent, misleading, and/or deceptive actions and conduct.

43. Defendant's conduct proximately caused injury to Plaintiff in that he suffered financial loss, anxiety, frustration, anger, annoyance, and emotional distress.

44. As a direct and proximate result of Defendant's unfair and/or deceptive acts and practices, in or affecting commerce, Plaintiff is entitled to recover treble damages or punitive from Defendant, pursuant to N.C.G.S. § 75-16, and to recover his reasonable attorneys' fees and costs as provided for in N.C.G.S. § 75-16.1.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMES EUGENE BRUCKMAN respectfully requests for a finding for actual or statutory damages, treble damages, and punitive damages against Defendant, FIDELITY BROKERAGE SERVICES LLC d/b/a FIDELITY INVESTMENTS, jointly and severally; award Plaintiff his attorney's fees and costs; award

pre-judgment and post-judgment interest at the legal rate; and any other relief deemed just and proper.

DATED this 1st day of April 2025.

Respectfully submitted,

***/s/Karl S. Gwaltney***
Karl S. Gwaltney
NC State Bar No. 45118
Maginnis Howard
7706 Six Forks Rd., Ste 101
Raleigh, NC 27615
Telephone: 919-526-0450
Facsimile:¨919-882-8763
kgwaltney@maginnishoward.com

***/s/ Matthew M. Loker***
Matthew M. Loker, Esq.
Loker Law
1303 E Grand Ave., Ste 101
Arroyo Grande, CA 93420
Phone: (805) 669-9844
Facsimile: (805) 994-9844
*Pro Hac Vice Motion Forthcoming*

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Plaintiff*